Brewster, Special Administrator, Respondent, vs. Ludtke
and others, Appellants.

*February 7—May 9, 1933.*

For the appellants the cause was submitted on the brief
of *L. Hugo Keller* of Appleton.

*H. F. McAndrews* of Kaukauna, for the respondent.

The following opinion was filed March 7, 1933:

Fowler, J. Mrs. Ella Brewster was killed by being
struck by an automobile on July 5, 1931. The jury found
that the driver of the automobile was and that the plaintiff
was not negligent. Judgment went on the verdict for the
plaintiff. It is conceded that the finding of negligence on
the part of the driver of the automobile is supported by

the evidence. The appellants assign as error that the plaintiff was guilty of contributory negligence as matter of law.

Mrs. Brewster was crossing a street when struck by the automobile. The case turns on whether at the time she was struck she was on the crosswalk. Sec. 85.44 (1), Stats., provides that the operator of an automobile shall yield the right of way to a pedestrian crossing the highway within any marked or unmarked crosswalk, except at those intersections where the movement of traffic is being regulated by traffic officers or control signals. Sec. 85.44 (4), Stats., provides that every pedestrian crossing a highway at any point other than a marked or unmarked crosswalk shall yield the right of way to vehicles upon the highway.

The undisputed evidence of the only eye-witnesses was to the effect that when struck Mrs. Brewster was at least twenty-five or thirty feet north of the center of the crosswalk. This testimony is corroborated by the testimony of another witness who was standing beside his automobile which was parked in the driveway into his residence between the sidewalk and the curb who heard "a thud and the screeching of brakes," turned immediately, and the automobile was opposite his automobile and Mrs. Brewster was lying beside it not more than fifteen feet from the witness's car. Skid marks of the automobile that struck her extended from a point half way from the crosswalk to the point where the car stopped. By measurement it was fifty-seven feet from the center of the crosswalk to the walk entering the witness's residence. No evidence was offered in any way tending to counteract this testimony but that of a witness who stood beside Mrs. Brewster while she waited at the curb for a car from the other direction to pass, and who testified that when she started across the street and when five or ten feet from the curb she was on the crosswalk. We consider this entirely insufficient to warrant the jury in rejecting all the testimony stated and inferring that Mrs.

Brewster was on the crosswalk when struck. There is testimony by a witness that standing in front of the porch from which one of the eye-witnesses viewed the collision, a car parked in the driveway above mentioned would obstruct the view between the crosswalk and the parked car; but if the testimony of this witness were excluded we would still have the undisputed testimony of the other two witnesses. The other eye-witness was the driver of the car that struck the deceased. He might not have been a disinterested witness, but the third witness was entirely disinterested and impartial and he corroborates the testimony of the other two in a way that renders unjustifiable its rejection as false. The lights of the car that struck the plaintiff were on, so that its oncoming was obvious to a pedestrian maintaining a lookout. It was around eight o'clock early in July, and although a threatening storm made it darker than it ordinarily would have been, it was light enough to enable one to see the approaching car without the aid of its lights. The oncoming car was not traveling faster than twenty miles an hour. It was the duty of Mrs. Brewster under the statute to maintain such a lookout as was reasonably necessary to enable her to yield the right of way to the car. Had she done so she would have seen the car and been obliged to yield it the right of way. She was therefore as matter of law guilty of negligence that contributed to her death. This constitutes a complete defense, as the collision occurred before the enactment of the Comparative Negligence Statute.

*By the Court.*—The judgment of the municipal court is reversed, with instructions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on May 9, 1933.