HOLZEM, personally and as Administrator of the estate of Kelly Holzem, deceased, and wife, Appellants, v. MUELLER by Guardian *ad litem,* and another, Respondents.

*No. 7. Argued February 28, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 635.)

For the appellants there were briefs and oral argument by *Jerome A. Maeder* of Wausau.

For the respondents there was a brief by *Tinkham, Smith, Bliss & Patterson* of Wausau, and oral argument by *John E. Bliss.*

HEFFERNAN, J. We cannot conclude, as a matter of law, that Mueller's negligence was greater than Kelly Holzem's. Testimony showed that both parties were negligent. The question is therefore one of apportionment. We have stated:

". . . we must judge the jury verdict in the light of the familiar rules that (1) a jury verdict will not be upset if there is any credible evidence which under any reasonable view fairly admits of an inference supporting the findings, (2) this is particularly true when the verdict has the blessing of the trial court, and (3) the

evidence is to be viewed in the light most favorable to the verdict." *Delaney v. Prudential Ins. Co.* (1966), 29 Wis. 2d 345, 349, 139 N. W. 2d 48.

In reviewing the verdict, the trial judge concluded that the facts showed that Kelly had suddenly deviated from her course of travel and swerved in front of the Mueller automobile, thus confronting Mueller with an emergency at a time when it was too late for Mueller to avoid the accident.

The evidence is uncontroverted that Kelly suddenly crossed the road in front of Mueller without signal or warning. It is equally clear that, under the facts, the jury could have found that Mueller was negligent as to speed.

Viewed by the standards stated above, and in light of the evidence most favorable to the verdict, there was sufficient credible evidence to support a finding of 50 percent negligence on the part of Kelly Holzem.

We have stated that in all cases the apportionment of negligence is one for the jury. We said in *Blahnik v. Dax* (1963), 22 Wis. 2d 67, 74, 125 N. W. 2d 364:

". . . apportionment of negligence in a case where one of the parties is a young child is a matter especially within the decision-making province of the jury."

Whether the findings and apportionment of negligence made by the jury is proper, however, is subject to the additional determination that the jury was properly instructed. Plaintiffs' attorney submitted pattern jury instruction Wis J I—Civil, Part I, 1285. He made that submission by submitting in its entirety a photocopy [1] of the page on which it appears in the loose-leaf volume of the jury instructions prepared by the Wisconsin Board of Circuit Judges. The record fails to show what portion of that instruction, which is framed in multiple alternatives, the plaintiffs wished to have submitted. At

---

[1] *See* appendix.

oral argument, the plaintiffs' attorney stated that he had underlined those portions of the pattern instruction which he thought were appropriate to the facts at issue and which he wished the trial judge to use. Although the photocopy of Wis J I—Civil, Part I, 1285 as it appears in the record shows the underlining of the phrase, "when passing (school children)" and the phrase, "and when special hazards exist with regard to other traffic or by reason of weather or highway conditions," there is nothing in the record to show that the underlining was made with the intent the plaintiffs' counsel asserts on appeal. It is impossible to determine with precision what instruction plaintiffs requested. It is particularly confusing, in light of the fact that the phrase, "when special hazards exist with regard to other traffic or by reason of weather or highway conditions" is underlined and counsel, on this appeal, specifically objects to the reference in the instructions in regard to the factors of weather and traffic "when [he now asserts] such factors were totally foreign to the evidence and completely extraneous to the facts at issue."

Although it is not clear what the plaintiffs requested, we conclude that the court did not err in omitting from the instructions the phrase, "when passing children." The instructions given by the trial judge in regard to reduced speed follow:

"Now as the rules of the road and the statutes apply to the defendant William Mueller, you are instructed that the statutes regulating the speed of motor vehicles provide in part that no person shall drive a vehicle at a speed greater than is reasonable and prudent under conditions and having regard for the actual and potential hazards then existing, and that the driver shall exercise ordinary care to so regulate his rate of speed as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with the legal requirements in using due care.

"The statute also provides that the driver shall consistent with the requirements I have just stated, drive at an appropriate reduced speed when traveling upon any narrow roadway and when special hazards exist with regard to other traffic or by reason of weather or highway conditions."

We do not find the instructions submitted to the jury were prejudicial. While the statement that there should be "appropriate reduced speed" by reason of "weather or highway conditions" was completely irrelevant, the record shows no possibility that it could have resulted in jury confusion creating a problem similar to that discussed in *Carlson v. Drews of Hales Corners, Inc.* (1970), 48 Wis. 2d 408, 180 N. W. 2d 546. Moreover, if counsel's contention is that the underlined portion of the pattern instruction is what plaintiffs desired, then he asked for that very instruction and cannot be heard to complain of it now.

Nor do we see any error in the judge's failure to include in the instructions that portion of Wis J I—Civil, Part I, 1285 referring to "passing children." There is nothing to show that Mueller knew, or should have known, that the person ahead of him on the bicycle was a child. He specifically testified that he did not expect to see children on the highway at that distance from a residential area. Wis J I—Civil, Part I, 1285 is particularly appropriate where there is a special situation that alerts the driver to the possible presence of children. In this respect, it is similar to Wis J I—Civil, Part I, 1045, which points out that:

"Drivers of motor vehicles are chargeable with the knowledge that children of tender years do not possess the traits of mature deliberation, care, and caution of adults. The driver must increase his vigilance if he knows, or in the exercise of ordinary care should know, that children are in, or are likely to come into, his course of travel."

The comment to Wis J I—Civil, Part I, 1045, citing *Lisowski v. Milwaukee Automobile Mut. Ins. Co.* (1962), 17 Wis. 2d 499, 117 N. W. 2d 666, properly points out:

"This instruction should not be given in the following situations: (1) Where the driver had no actual notice of the presence of children, (2) Where there are no special situations, such as a school zone, which should alert the driver to the possibility of the presence of children."

The same rationale is applicable to Wis J I—Civil, Part I, 1285, and the special admonition in regard to children is not appropriate unless the driver knew, or should have known, that children were likely to be present.

In addition, as a part of the statement of Mueller's duty to operate his vehicle at a speed not greater than was reasonable or prudent under the conditions, there was the specific jury instruction that he was obliged to "exercise ordinary care to so regulate his rate of speed as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with the legal requirements in using due care."

The trial judge also instructed that the driver shall drive at "an appropriate reduced speed when traveling upon any narrow roadway and when special hazards exist with regard to other traffic . . . ."

Under these circumstances, where the deceased was proceeding as any other bicyclist upon the highway, the instructions given were appropriate and were sufficient. The instruction advising the jury that the driver "shall exercise ordinary care to so regulate his rate of speed as may be necessary to avoid colliding with any . . . person, vehicle . . . on . . . the highway" and the instruction to operate at "an appropriate reduced speed . . . when special hazards exist with regard to other traffic" were sufficient to apprise the jury of William

Mueller's duties under the circumstances. The jury was well aware of the "special hazard" in this case. The "when passing children" language would have been prejudicial to Mueller when he was proceeding on the open highway and there was evidence from which it could be reasonably inferred that he neither knew, nor should have known, that children were present.

In respect to the negligence of Kelly Holzem, the trial judge properly instructed the jury not to appraise her negligence by the same standard used to appraise that of Mueller. They were instructed that she was only expected to use such a "degree of care which is ordinarily exercised by a child of the same age, capacity, discretion, knowledge and experience, under the same or similar circumstances." Wis J I—Civil, Part I, 1010.

There was no error in the instructions submitted by the trial judge.

We again point out that the manner in which the plaintiffs submitted their requested instructions resulted in a confusing record. While it is helpful to the judge to provide him with a copy of the page of the pattern instructions which carries with it the decisional annotations, a mere photocopy of the page is insufficient to define what portion of the instruction is requested when the instruction itself is framed in terms of alternatives. The record must show precisely what instruction or what portion of an instruction is requested, or a party on appeal will not be heard to complain that his requested instruction was refused.

During the trial the plaintiffs attempted to introduce the testimony of a neighbor to show that Kelly had shown great kindness and helpfulness to the neighbor's deaf child. The court sustained an objection to such evidence but permitted the same neighbor to testify about Kelly's helpfulness and affection toward the members of her own family. The trial judge correctly excluded this evidence to the extent that it showed her

love, affection, and helpfulness to neighbors who were not privy to the cause of action for the loss of companionship and society of this young girl. It properly permitted the testimony which showed the same factors in regard to the parents.

Additionally, the plaintiffs argue that there ought to be a recovery because the Wisconsin comparative-negligence statute was amended subsequent to the accident and now provides that a plaintiff is barred only where his negligence is greater than that of a defendant. Plaintiffs contend that the statute is retroactive and that judgment should have been entered in the amount of 50 percent of the damages found by the jury. In 1933, this court in *Brewster v. Ludtke* (1933), 211 Wis. 344, 247 N. W. 449, held that the 1931 comparative-negligence law was not retroactive. On the basis of that precedent, we hold that the 1971 modification cannot operate retrospectively.

We have today decided the case of *Lupie v. Hartzheim*, post, p. 415, 195 N. W. 2d 461. Therein we expressed our intention to abstain from the exercise of our common-law prerogative to adopt a pure comparative-negligence standard.

*By the Court.*—Judgment affirmed.

APPENDIX

WIS J I -- CIVIL          1285

## 1285 SPEED: REASONABLE AND PRUDENT: REDUCED SPEED

The statute regulating speed of motor vehicles provides that "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing," and that the driver shall exercise ordinary care to so regulate his rate of speed, ". . .as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and using due care."

The statute also provides that the driver shall, consistent with the requirements I have just stated, drive at an appropriate reduced speed [when approaching and crossing (an intersection) (a railway grade crossing)] [when approaching and going around a curve] [when approaching a hill-crest] [when traveling upon any narrow or winding roadway] [when passing (school children) (highway construction or maintenance workers) (other pedestrians)] [and when special hazards exist with regard to other traffic or by reason of weather or highway conditions].

Appropriate reduced speed as used in this instruction is a relative term and means less than the otherwise lawful speed. An appropriate reduced speed is that speed at which a person of ordinary intelligence and prudence would drive under the same or similar circumstances.

[Here insert, if appropriate, Wis J I --- Civil 1310, Speed, Obstructed Vision; Wis J I -- Civil 1315, Speed: Obstructed Vision Nighttime; Wis J I - Civil 1320: Speed:  Camouflage.]

It is for you to determine whether (name) . . . . . . . . . was negligent with respect to speed under the conditions and circumstances then present and under the rules of law given to you by these instructions.

Copyright 1967, Regents, Univ of Wis          12-67

HALLOWS, C. J. *(dissenting)*. The amendment to sec. 895.045, our comparative-negligence statute, is remedial as is the statute itself. The change from "not as great as" to "not greater than" created no new cause of action but merely modified a defense of contributory negligence—a defense we have held must be pleaded. *Nelson v. Hansen* (1960), 10 Wis. 2d 107, 102 N. W. 2d 251. The history of the doctrine of comparative negligence as given in my dissent in *Vincent v. Pabst Brewing Co.* (1970), 47 Wis. 2d 120, 177 N. W. 2d 513, demonstrates the remedial character of sec. 895.045. The defendant in this case has no vested rights in a tort defense, the merits of which are not determined until trial and upon which he did not and could not very well rely in causing the injuries to the plaintiff. Being remedial in nature, the amendment applies to existing causes of action, the same as a change in the burden of proof does. *See State ex rel. Sowle v. Brittich* (1959), 7 Wis. 2d 353, 96 N. W. 2d 337.

The case of *Brewster v. Ludtke* (1933), 211 Wis. 344, 247 N. W. 449, relied on by the majority, is weak authority. Without discussion of the problem or citation of any authority, the court indirectly said in one sentence at the end of the opinion after it decided the only issue in the case, *i.e.,* the contributory negligence of the plaintiff as a matter of law, that the facts were not subject to the 1931 comparative-negligence section. I would not be bound by the unreasoned *Brewster Case* and I would hold the amendment to sec. 895.045, Stats., remedial and apply it to the facts of this case.