LUPIE and wife, Appellants, v. HARTZHEIM and another, Respondents.

*No. 30.  Argued February 29, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 461.)

For the appellants there was a brief by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *William P. Skemp.*

For the respondents there was a brief by *Johns, Flaherty, Harman & Gillette* and *Robert D. Johns, Jr.,* all of La Crosse, and oral argument by *Robert D. Johns, Jr.*

HEFFERNAN, J. The comparative-negligence law at the time of the accident provided:

"**895.045 Contributory negligence; when bars recovery.** Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering." (Stats. 1967)

That statute has been consistently interpreted by this court to permit recovery by a plaintiff only if his negligence was "not as great as the negligence of the person against whom recovery is sought." Under this interpretation, a plaintiff who is charged with 49 percent of the total negligence recovers 51 percent of his damage, while one who is charged with 50 percent recovers nothing.

*See Vincent v. Pabst Brewing Co.* (1970), 47 Wis. 2d 120, 177 N. W. 2d 513, for a thorough discussion of the interpretation placed upon the comparative-negligence statute by this court. In *Vincent* a majority of this court expressed its dissatisfaction with the doctrine which barred recovery by a claimant who is 50 percent or more negligent. Although the principal opinion of the court expressed no preference for a full comparison of negligence which would distribute responsibility according to the degree of fault without an arbitrary percentage bar, a majority of the court, as expressed in concurring and dissenting opinions, indicated that such a change was desirable and was within the inherent power of the court to accomplish without further enabling legislation. The majority of the court, however, agreed that the court should defer to the legislature as the proper body to make a study of the subject and to adopt whatever changes it considered appropriate.

After the mandate of *Vincent, supra,* the legislature enacted ch. 47 of the Laws of 1971, published on June 22, 1971. That statutory modification struck from the statute the words, "as great as," and substituted therefor the words, "greater than." Under this statutory modification, plaintiffs found 50 percent negligent will be able to recover 50 percent of their damages from a defendant who is found to be equally at fault. The point at which a plaintiff is barred from recovering has been raised by one percentile point.

The plaintiffs herein make no contention that ch. 47 of the Laws of 1971 is retroactive, and we have today, on the authority of *Brewster v. Ludtke* (1933), 211 Wis. 344, 247 N. W. 449, pointed out that the present modification of the comparative-negligence law, like its 1931 predecessor, is not retroactive. *See Holzem v. Mueller,* ante, p. 388, 195 N. W. 2d 635. While the plaintiffs in this case recognized the nonretroactivity of ch. 47, they ask us to invoke our inherent power to permit

recovery in this case, although the statute at the time of the accident barred the plaintiffs' recovery. They rely upon the authority of a common-law court to modify its prior decisions. Such inherent authority, as stated above, was expressed by the majority in *Vincent.* While the majority of the court reasserts the authority to make such change and adheres to its position that passage of the comparative-negligence act has not divested this court of its inherent common-law prerogative of reconsidering matters that stem from judicial decision, we conclude, as we did in *Vincent,* that we should defer to the legislature as the proper body to further study the subject, rather than to exercise the court's inherent power at this time.

*By the Court.*—Judgment affirmed.

HALLOWS, C. J. *(dissenting).* I again urge, as I did in the dissent in *Vincent v. Pabst Brewing Co.* (1970), 47 Wis. 2d 120, 177 N. W. 2d 513, that this court show leadership and in the exercise of its inherent power reject *in toto* the common-law doctrine of contributory negligence and adopt the doctrine of pure or full comparison of negligence. Unless this advancement in the administration of the law is made, the doctrine of tort fault is in danger of being abrogated by statute and some form of no-fault liability substituted. If no-fault liability is adopted in automobile negligence cases, it should be done on its own merits as a superior social tool and not as a reaction to the inconsistencies and harshness of our present tort system.