MR. JUSTICE CASTLES
delivered the opinion of the court.
This is an appeal from an order granting summary judgment entered in the district court, Missoula County.
Plaintiff, Myra R. Dunham, went to Southside National Bank on January 4, 1972, for the purpose of making a loan payment. While walking through the bank parking lot, toward a customer entrance to the bank, she slipped and fell on an accumulation of ice and snow.
It had been snowing in Missoula the night before the accident and continued to snow throughout the next day. The parking lot had been cleared before business hours by defendants Johnson Brothers under a maintenance agreement with the bank. The area where plaintiff fell was not cleared of ice or snow, as *468 neither of the defendants considered this area a sidewalk or part of the parking lot.
Plaintiff brought this action for personal injuries on May 15, 1974. Defendants’ motion for summary judgment was granted on September 16, 1975, on the grounds (1) plaintiff was contributorily negligent as a matter of law, and (2) the Montana comparative negligence statute did not apply to accidents occurring prior to the effective date of the act.
Plaintiff appeals the granting of summary judgment.
Two issues are presented for review:
(1) Does a genuine issue of material fact exist on the question of whether plaintiff was negligent thereby precluding summary judgment?
(2) Does the Montana comparative negligence statute, section 58-607.1, R.C.M.1947, apply to claims which arose prior to the effective date of the act, July 1, 1975?
Rule 56(c), M.R.Civ.P., states a summary judgment shall be rendered only if:
“* * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *”
The moving party has the burden of showing the absence of any genuine factual issue. As stated in 6 Moore’s Federal Practice, ¶[ 56.15[3], p. 56-463:
“The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law.”
See Kober & Kyriss v. (Stewart) Billings Deaconess Hospital, 148 Mont. 117, 417 P.2d 476.
In her deposition plaintiff admitted the slippery condition of the parking lot was “obvious” and that she believed the ac *469 cumulation of ice and snow on the walkway was a natural accumulation due to the prevailing conditions. She stated the condition was not hidden and agreed she must have stepped on an icy spot the wrong way.
This Court recently stated the law regarding slip and fall under similar conditions in Uhl v. Abrahams, 160 Mont. 426, 429, 430, 503 P.2d 26, 28, the language there applies equally well here:
“Directing our attention to the applicable substantive law, a possessor of land owes a duty to an invitee to use ordinary care to keep the premises in a reaosnably safe condition and to warn the invitee of any hidden or lurking dangers therein, but he is not an insurer against all accidents and injuries to invitees on the premises. Cassady v. City of Billings, 135 Mont. 390, 340 P.2d 509; Luebeck v. Safeway Stores, Inc., 152 Mont. 88, 446 P.2d 921; and authorities cited therein.
“In Luebeck we directly held that ‘* * * where danger created by the elements such as the forming of ice and falling of snow are universally known, or as here, actually known,, there is not liability. * * *’ We based this holding on a line of cases from other jurisdictions so holding, particularly quoting with approval the following statement from Crawford v. Soennichsen, 175 Neb. 87, 120 N.W.2d 578, 581:
“ * * However, the general rule seems clearly to be that a store owner cannot be charged with negligence by reason of natural accumulation of ice and snow where the condition is as well known to the plaintiff as the defendant.’ * * *
“* * * In short, nothing but a natural icing condition due to the elements was involved and such condition prevailed throughout the city. Accordingly, Luebeck controls the situation in the instant case; there is no breach of duty, no negligence, and no liability as a matter of law.”
Appellant cites Willis v. St. Peter’s Hospital, 157 Mont. 417, 486 P.2d 593. Willis can be readily distinguished in the instant case, as it was in Uhl. In Willis there was a jury *470 question as to whether the hospital contributed to the slippery condition by attempting to melt the ice and whether the plaintiff had knowledge of the condition. Neither of these issues of material fact exist in the instant case.
We find the district court properly granted respondents’ motion for a summary judgment.
On appeal appellant asks this Court to give the new Montana comparative negligence law retroactive effect. In other words, appellant argues comparative negligence should apply to an accident occurring prior to the effective date of the legislation but not tried until after the effective date.
Prior to July 1, 1975, the law of contributory negligence in Montana was section 58-607, R.C.M.1947:
“Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the title on compensatory relief.”
On July 1, 1975, Montana’s comparative negligence statute, section 58-607.1, R.C.M.1947, (Chap. 60, Laws of 1975) became effective. It reads:
“Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be dismissed in the proportion to the amount of negligence attributable to the person recovering.”
Section 58-607.1, R.C.M.1947, did not amend or repeal section 58-607, R.C.M.1947. Section 58-607.1 modifies the total defense of contributory negligence by apportioning damages, if the plaintiff’s negligence is not greater than that of the defendant. There is no legislative declaration that *471 section 58-607.1 shall be only prospective in operation, nor is there declaration the statute shall have retroactive effect.
There is a presumption in Montana against construing a statute retroactively, unless specifically declared retroactive. Section 12-201, R.C.M.1947, provides:
“No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared.”
The foundation for this presumption was set forth in Sullivan v. City of Butte, 65 Mont. 495, 498, 211 P. 301, 303, wherein the Court said:
“While our Constitution does not forbid the enactment of retrospective laws generally, it is a rule recognized by the authorities everywhere that retrospective laws are looked upon with disfavor. It is a maxim said to be as old as the law itself that a new statute ought to be prospective, not retrospective, in its operation. * * * The maxim has its foundation in the presumption that the legislature does not intend to make a new rule for past transactions and every reasonable doubt will be resolved against a retrospective operation.”
See State ex rel. Mills v. Dixon, 68 Mont. 526, 219 P. 637; State ex rel City of Billings v. Osten, 91 Mont. 76, 5 P.2d 562; State ex rel. Whitlock v. State Board of Equalization, 100 Mont. 72, 45 P.2d 684; State v. J. C. Maguire Const. Co., 113 Mont. 324, 125 P.2d 433; 82 C.J.S. Statutes § 414; Anno. 37 ALR3d 1438, 1440; Schwartz, Comparative Negligence, § 8.4.
In City of Harlem v. State Highway Comm’n, 149 Mont. 281, 284, 425 P.2d 718, 720 this Court interpreted section 12-201, R.C.M.1947, stating:
“* * * This section provides a rule of construction which requires that the intent of the legislature is to be gained from the act itself and from no other source.”
We find nothing in section 58-607.1, R.C.M.1947, (or Chap. *472 60, Laws of 1975), which expressly declares a legislative intent to apply the law retroactively.
Appellant argues the comparative negligence law is procedural in nature, thus it may be applied retroactively. Respondents reply that the law is substantive in nature. A substantive law may be defined as that law which creates duties, rights, obligations, and responsibilities. State ex rel. Johnson v. District Court, 148 Mont. 22, 417 P.2d 109.
This Court has held on more than one occasion, that procedural laws may be given retroactive effect, notwithstanding the presumption against retroactivity in section 12-201, R.C.M.1947. State ex rel. Johnson v. District Court, supra; State Department of Highways v. Olsen, 166 Mont. 139, 531 P.2d 1330.
The Oregon Supreme Court in Joseph v. Lowery, 261 Or. 545, 495 P.2d 273, 275, 276, faced the question of retroactivity of its comparative negligence law, which is identical to Montana’s in all relevant areas. It stated:
“Under the comparative negligence statute, a plaintiff whose negligence is less than that of the defendant is not barred from recovery by virtue of his contributory negligence, but is allowed recovery reduced by the degree of his fault. Therefore, if applied retroactively, the act would affect legal rights and obligations arising out of past actions. As a result, strictly for the purposes under consideration here, the provisions of the act are ‘substantive’ and not ‘procedural or remedial’ in nature. If applied retroactively, the statute could create a duty to pay which did not exist at the time the damage was inflicted. * * *
“* * * We believe there is merit in the prior view of this court * * * that, in the absence of an indication to the contrary, legislative acts should not be constructed in a manner which changes legal rights and responsibilities arising out of transactions which ocur prior to the passage of such acts.”
*473 We agree with the reasoning of the Oregon court, and find the Montana comparative negligence law substantive in nature with a presumption against retroactive effect.
The Montana and Oregon comparative negligence laws are nearly identical. These laws were copied from the Wisconsin statute first passed in 1931 and amended to its present form (copied by Montana and Oregon) in 1971. Montana follows the rule of statutory construction that in borrowing a statute from another state, the legislature presumably borrows the construction placed upon it by the highest court of the state from which it is borrowed. Stadler v. First National Bank, 22 Mont. 190, 56 P. 111; Esterly v. Broadway Garage Co., 87 Mont. 64, 285 P. 172; Roberts v. Roberts, 135 Mont. 149, 338 P.2d 719; Lowe v. Root, 166 Mont. 150, 531 P.2d 674.
In 1931 Wisconsin became the first state to enact a modified comparative negligence law (the type enacted in Montana in 1975). Schwartz, Comparative Negligence, § 3.5(A). In 1933 the Wisconsin Supreme Court held the statute did not apply retroactively. Brewster v. Ludtke, 211 Wis. 344, 247 N.W. 449; Crane v. Weber, 211 Wis. 294, 247 N.W. 882. Both cases simply stated the accident occurred prior to the enactment of the comparative negligence act, thus contributory negligence was a total defense. These holdings were reaffirmed in 1935 by Peters v. Milwaukee Electric Ry. & Light Co., 217 Wis. 481, 259 N.W. 724.
In 1971 Wisconsin followed the lead of New Hampshire and adopted the 50% system of comparative negligence. Schwartz, Comparative Negligence, § 3.5(B). In 1972 the Wisconsin Supreme Court held the 1971 modification could not operate retroactively, citing Brewster and Crane as precedent. Lupie v. Hartzheim, 54 Wis.2d 415, 195 N.W.2d 461; Holzem v. Mueller, 54 Wis.2d 388, 195 N.W.2d 635. These holdings were reaffirmed in Schuh v. Fox River Tractor Co., 63 Wis.2d 728, 218 N.W.2d 279. See Jones v. Jones, 113 N.H. 553, 311 A.2d 522, holding the New Hampshire law not retroactive.
*474 In Joseph v. Lowery, supra, the Oregon Supreme Court cited the Wisconsin holdings as being highly persuasive on the construction of the Oregon statute. We feel equally persuaded in the construction of the Montana statute.
Amicus on behalf of appellant, directs the Court to the many holdings of this Court that we will not blindly follow the construction given a particular statute by the court of another state from which the Montana legislature borrowed the statute, when such court decision does not appear to be founded on right reasoning or when such decision would not be in harmony with the spirit and policy of the Montana legislature and decisions of this Court, e. g. Grady v. City of Livingston, 115 Mont. 47, 141 P.2d 346; In re Kay’s Estate, 127 Mont. 172, 260 P.2d 391; Cahill-Mooney Const. Co. v. Ayres, 140 Mont. 464, 373 P.2d 703. In the instant case, we do not feel these objections are relevant, therefore we follow Wisconsin, New Hampshire and Oregon courts in denying retroactive effect to Montana’s comparative negligence law.
Appellant directs us to the leading cases giving comparative negligence statutes retroactive effect: Peterson v. City of Minneapolis, 285 Minn. 282, 173 N.W.2d 353, 355, 37 A.L.R.3d 1431; Godfrey v. State, 84 Wash.2d 959, 530 P.2d 630, 633.
Peterson is based on the Minnesota comparative negligence law which states the statute “shall be effective in any action the trial of which is commenced after July 1, 1969.” Minnesota recognized the precedent value of the Wisconsin decisions, but parted from those decisions due to the different wording of the statutes. This wording distinction also distinguishes Peterson from the instant case.
Godfrey, as did Peterson, dealt with legislative abrogation of the common law rule of contributory negligence. The Washington court referred to the common law status of its contributory negligence rule on more than one occasion in its opinion. In Montana the contributory negligence rule, is *475 statutory in nature, in effect until July 1, 1975, and remaining in effect after that date, although modified by the comparative negligence statute. The Washington legislature, although not providing a specific direction as to retroactive or prospective effect of the statute, did entitle the statute: “An Act relating to civil procedure.” As stated above, the Montana comparative negligence law is substantive in nature and entitled to the presumption that it, was meant to be prospective in effect.
Appellant also refers to court decisions in Florida and California adopting comparative negligence as a part of the developing common law principles: Hoffman v. Jones, (Fla. 1973) 280 So.2d 431; Nga Li v. Yellow Cab Company of California, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226. These decisions dealt with judge-made law modifying judge-made law. The courts were free to determine what effect their decisions would have on causes of action arising prior to the decisions.
If this Court were to declare that the Montana comparative negligence law has retroactive effect, we would be legislating retroactively and hastening the modification of the contributory negligence law without specific legislative direction and contrary to the common law rules of statutory construction and section 12-201, R.C.M.1947. This Court recently said in Wilson v. Swanson, Mont., 546 P.2d 990, 33 St.Rep. 216, 221, regarding a request to declare the Montana guest statute, repealed effective July 1, 1975, retroactively unconstitutional:
“Under these circumstances [repeal of the law] we decline to hasten its demise by judicial decision. We decline to legislate retroactively as condemned in Montana Horse Products Co. v. Great Northern Ry. Co., 91 Mont. 194, 7 P.2d 919; Sunburst O. & R. Co. v. Great North. Ry. Co., 91 Mont. 216, 7 P.2d 927, aff’d 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, 85 A.L.R. 254; 10 ALR3d 1371, Sec. 7(a).”
Neither will we legislate retroactively in this matter.
The order of the district court granting summary judgment is *476 affirmed, as is the district court’s conclusion that the Montana comparative negligence law section 58-607.1, R.C.M.1947, shall not apply to a cause of action arising prior to July 1, 1975.
MR. JUSTICE HASWELL and the Honorable ARTHUR MARTIN, District Judge, sitting for Mr. Chief Justice Harrison, concur.