**Gilbert M. LEYVA, Appellant,**

v.

**James L. SMITH, Appellee.**

**No. 15815.**

Court of Civil Appeals of Texas, San Antonio.

Oct. 19, 1977.

Frank M. Teveni, Donald J. Mach, Teveni, Mach & Clarke, San Antonio, for appellant.

William O. Hastings, Jr., San Antonio, for appellee.

KLINGEMAN, Justice.

This is a comparative negligence case. Appellee, James L. Smith, sued appellant, Gilbert M. Leyva, for damages to Smith's car occurring in a two-car collision in Bexar County, Texas. Trial was to the court without a jury. The court found that plaintiff and defendant were equally at fault [each 50 percent responsible for the accident]; that the damages sustained by plaintiff in the accident were $300.00; and that plaintiff was entitled to judgment against defendant in the amount of $150.00 [50 percent of actual damages—$300.00].

The sole issue before us is whether the Texas Comparative Negligence Statute allows recovery when the plaintiff's negligence is equal to but not greater than the defendant's negligence.

This case is before us on an agreed statement of facts in which the parties stipulated and agreed:

1. Plaintiff properly filed suit and pleaded his case.

2. Defendant timely filed his answer.

3. The court had jurisdiction and the case was tried without a jury.

4. The trial court found by sufficient evidence that the parties were equally negligent and that each party's negligence was the proximate cause of the damages sustained by both parties.

5. The court found, on sufficient evidence, that the damages sustained by the plaintiff were $300.00, whereupon the court entered a judgment for plaintiff in the sum of $150.00, 50 percent of the plaintiff's actual damage.

6. Judgment was entered under Tex. Rev.Civ.Stat.Ann. art. 2212a (Supp.1977).

7. Defendant timely filed his notice of appeal and appeal bond.

The pertinent portion of the applicable statute involved, Art. 2212a, provides as follows:

Modified comparative negligence

Section 1. Contributory negligence shall not bar recovery in an action by any person or party or the legal representative of any person or party to recover damages for negligence resulting in death or injury to persons or property if such negligence is not greater than the negligence of the person or party or persons or parties against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person or party recovering.

We have found no Texas cases directly in point. A recent case by the Amarillo Court of Civil Appeals, *Willingham v. Hagerty*, 553 S.W.2d 137 (Tex.Civ.App.—Amarillo 1977), touches on this matter, and its holding basically supports the judgment of the trial court here. There are cases from other jurisdictions with similar statutes that are in point and there are a number of law review articles discussing the particular problem here involved. These cases and authorities uniformly support the trial court's judgment here.

Both plaintiff and defendant agree that the Texas Comparative Negligence Statute is modeled after the equivalent statute in Wisconsin.[1]

1. "The proposed Texas Comparative Negligence Statute was modeled after the Wisconsin and New Hampshire Comparative Negligence Statutes in that all three statutes encompass the '51 per cent Bar Rule,' i. e., contributory negligence is not a bar to recovery unless such negligence is 'greater than' the negligence of the defendant." Abraham, *Proposed Texas Modified Comparative Negligence Statute: Its Operation and Effect*, 35 Tex.B.J. 1114 (1972).

In a recent case by the Wisconsin Supreme Court, *McGowan v. Story,* 70 Wis.2d 189, 234 N.W.2d 325, 330 (1975), the Court commented on a situation which directly parallels the instant case, and said:

Under the legislation as it now exists, and has existed since 1971, a Plaintiff, such as McGowan in this case, who has been found 50 percent negligent, may recover 50 percent of his damages.

Another Wisconsin case, *Lupie v. Hartzheim,* 50 Wis.2d 415, 195 N.W.2d 461 (1972), involved an automobile accident in which the jury found that the parties were each 50 percent negligent. The Wisconsin Supreme Court was confronted with the problem of deciding on the effect of an amendment to the Comparative Negligence Statute, which deleted the words "as great as" and inserted the words "greater than," and whether or not the amendment was retroactive, because at the time of the accident the amendment was not in effect. The Court stated that the amendment was not retroactive and affirmed the lower court's take nothing decision, but stated:

That statutory modification struck from the statute the words, 'as great as,' and substituted therefor the words, 'greater than.' Under this statutory modification, plaintiffs found 50 percent negligent will be able to recover 50 percent of their damages from a defendant who is found to be equally at fault. 195 N.W.2d at 462.

The Texas periodicals and law review articles discussing the applicable statute have reached the same conclusion as the Wisconsin Court. In C. Heft & C. Heft, Comparative Negligence Manual § 3.510 (Supp.1977), it is stated:

The Texas comparative negligence statute allows recovery if the negligence of the plaintiff is not greater than the negligence of the defendant. Thus, if both the plaintiff and the defendant are found to be equally negligent, presumably the plaintiff would recover one-half of his damages.

A frequently cited law review article, Abraham & Riddle, *Comparative Negligence—A New Horizon,* 25 Baylor L.Rev. 411, 414 (1973), states:

The statute [art. 2212a], however, does not create the so-called *pure* comparative negligence situation. It establishes a *modified* comparative negligence system, frequently referred to as the 51% Bar Rule; meaning simply that the claimant is barred from recovery *only* if his quantum of negligence exceeds the combined negligence of all those against whom he claims. Restated, the claimant may recover so long as his negligence is 50% or less of all the negligence combined, among himself and those parties from whom he seeks recovery.

*See also* Abraham, *Proposed Texas Modified Comparative Negligence Statute: Its Operation and Effect,* 35 Tex.B.J. 1114 (1972); Cadena, *Comparative Negligence and the Special Verdict,* 5 St. Mary's L.J. 688 (1974); Fisher, Nugent & Lewis, *Comparative Negligence: An Exercise in Applied Justice;* 5 St. Mary's L.J. 655, 658–59 (1974); Keeton, *Annual Survey of Law— Torts,* 28 Sw.L.J. 1 (1974); Comment, *Comparative Negligence in Texas,* 11 Hous.L. Rev. 101 (1973).

We have concluded that the correct and better rule is that as held by the Wisconsin Supreme Court in the decisions hereinbefore cited and as interpreted in the law review articles and periodicals hereinbefore referred to.

The trial court's judgment was correct and the judgment is affirmed.